**SO ORDERED.**

**SIGNED this 15th day of March, 2010.**



_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
Western District of Texas
San Antonio Division

| In re | Bankr. Case No. |
|---|---|
| Cathryn Armstrong Merrill | 09-54616-C |
| *Debtor* | Chapter 13 |

**Order on Debtor's Request for Emergency Hearing on Don Merrill's Motion to Quash Production of Documents, and on Motion to Quash**

Came on for consideration the foregoing matter. On February 12, 2010, the debtor issued a notice of intent to examine Don Merrill pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and Bankr. L. Rule 2004. The examination was scheduled for March 18, 2010. Incident to the notice, the debtor also issued a subpoena duces tecum for the production of documents at the said examination.

Don Merrill filed a motion to quash the subpoena on February 19, 2010. The motion contained 20 day objection language.[1] On March 12, 2010, within the notice

_____

[1] The local rules now provide for 21 day notice in such situations, though there is a grace period in effect until May 1, 2010.

period, the debtor filed a response to the motion to quash. Sensitive to the imminent examination, the debtor also made a request for an expedited hearing.

The local rules state, with respect to a motion to quash or for other relief (such as a protective order) incident to a Rule 2004 examination, that it is the burden of the party sought to be examined not only to file an affirmative motion for relief but also to obtain an expedited hearing thereon prior to the scheduled examination. *See* Bankr. L.R. 2004(d). The rule also states that, "notwithstanding the filing of a motion to quash, the party to be examined must appear for the noticed examination unless otherwise excused by the Court." *Id.*

The local rule does not precisely state that a party who fails to obtain a timely hearing on a motion to quash a subpoena duces tecum is also required to comply with that subpoena, but that is the clear import of the rule. The local rule sets out a procedure for implementing Rule 2004, without the necessity of a party's seeking a court order in order to conduct the examination. In all other respects, the national rule still applies. The national rule permits a party conducting the examination to issue a subpoena for the both the appearance of the witness and the production of documents. *See* Fed.R.Bankr.P. 2004(c); 9016; *see also* Fed.R.Civ.P. 45(b)(iii) (made applicable in title 11 cases by Rule 9016).

The national rule (*i.e.,* Rule 45) also provides that a party commanded to produce designated materials may timely object. A timely objection is one that is served within 14 days of the date of issuance of the subpoena. *See* Fed.R.Civ.P. 45(c)(2)(B). The rule goes on to state that, on timely motion, the court is required to modify or quash a subpoena that (i) fails to allow a reasonable time to comply, (ii) requires a nonparty

witness to travel more than 100 miles or (iii) requires the disclosure of privileged or other protected matter. *See id.*, Rule 45(c)(3)(A). None of these conditions apply here, save for the suggestion at the close of the motion to quash that Request for Production No. 3 might potentially violate the selective disclosure rules established by the SEC. This last point, however, fails to cite to any specific SEC rule, and does not otherwise explain how the information sought is either privileged or protected. *See Windsor v. Martindale*, 175 F.R.D. 665, 668 (D.Colo. 1997) (absent specific showing of privilege or privacy, a court cannot quash a subpoena duces tecum).

A court may grant relief (though it is not required to do so) if the subpoena requires the disclosure of a trade secret or other confidential information, or requires the disclosure of an unretained expert's opinion, or requires a nonparty to travel more than 100 miles at great expense. *See id.*, Rule 45(c)(3)(B). None of these conditions obtain either, based on the motion to quash.

Finally, Rule 45(e) states that the issuing court may hold a person in contempt who, having been served, fails without adequate excuse to obey the subpoena. *See id.*, Rule 45(e).

In this case, the party to be examined, Don Merrill, filed a timely motion to quash. However, by using 20 day negative notice language, Don Merrill failed to assure that there would be a hearing on his motion prior to the scheduled date and time of the examination. The debtor, as the party conducting the examination, is not the party with the duty to seek an expedited hearing on the motion to quash, under this court's local rules. The debtor asked for such a hearing anyway, just in case Don Merrill took the

position that, by filing his Motion to Quash, he would be excused from honoring the subpoena until the court ruled on his motion.

The court understands the caution of the debtor and debtor's counsel. It is for that reason that the court issues this order. In the view of the court, a motion to quash must clearly state its basis, such that it can be ruled on without the necessity of a hearing. If it is not possible to rule on the moving papers in advance of the scheduled examination, then it is incumbent upon the party seeking relief to obtain such a hearing *prior* to the scheduled examination and accompanying production of documents. In this case, the moving party, Don Merrill, has not asked for an expedited hearing. In light of the very short amount of time left before the scheduled examination and document production, the court elects to rule on the moving papers without further hearing.

The motion first claims that the request for production is unnecessarily duplicative of materials already produced in the parties' state court divorce proceeding. The court agrees that documents *actually produced* in the state court divorce action do not have to be produced again. To that extent, the motion to quash is granted.

The motion complains that "you" is defined too expansively. The court disagrees. A party may be compelled to produce information within his or her control. *See U.S. v. International Business Machines Corp.*, 71 F.R.D. 88, 91 (S.D.N.Y. 1976). All the persons listed in the definition of "you" are deemed to be persons whom the witness controls. The request is not "ridiculously burdensome [or] duplicative" nor can it be said that the materials "would not lead to the discovery of relevant information." The scope of relevance in a Rule 2004 examination is substantially broader than that of ordinary discovery.

The specific objections in paragraph 4 of the motion are not sustained, for the most part, as the requested information is not unreasonable. The debtor's estate includes all assets of *both* spouses (essentially) and encompasses all liabilities of both spouses. These materials are relevant and are not unduly burdensome (though they *are* subject to the caveat that Don Merrill need not "re-produce" materials already produced in the state court action). In addition, Merrill is not required to respond to item 20 of the request for production at this time. However, the debtor may inquire into the subject matter encompassed by item 20, and may re-urge this request if it appears from the testimony at the examination that such materials might be relevant to the administration of this bankruptcy case.

The specific objections in paragraph 5 of the motion are not unreasonable, because all of the requests go to the true financial situation of Don Merrill, a highly relevant consideration for purposes of the administration of this estate. The suggestion that "these requests would include all of Tootie Pie, Inc.'s leases, notes, and accounts payable and receivable" is simply wrong, and an attempt at fearmongering. The lone exception, of course, is item 20, which the court has already addressed above.

The point made in paragraph 6 of the motion is not well taken. The document should be produced by Don Merrill unless it has already been produced.

The debtor's request for expedited hearing is denied as moot, as it is unnecessary. Don Merrill is ordered to comply with the terms of the subpoena duces tecum dated February 12, 2010, subject to the provisions of this order.

*# # #*